COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



MEMORANDUM ORDER

Appellate case name:    Landco Enterprises, Inc. and Curtis Ellison v. Jindal Saw USA, LLC and Jindal Saw Ltd.

Appellate case number:    01-19-00797-CV

Trial court case number:    2017-02901

Trial court:    61st District Court of Harris County

The parties request reconsideration of a March 31, 2020 order denying a motion filed under Rule 42.1(a)(2)(B) requesting, by agreement, to aside a venue order. The motion was denied because Rule 42.1(a)(2)(B) allows an appellate court to set aside a judgment, not a venue order. *See* TEX. R. APP. P. 42.1(a)(2)(B). In their joint motion for reconsideration, the parties request one of three outcomes, in this priority order: (1) grant the motion for reconsideration, (2) abate the appeal under Rule 42.1(a)(2)(C) and "direct the trial court to enter an order transferring venue" to their now-agreed county of venue, or (3) proceed with the appeal on the merits after denial of their motion.

As explained, the rules do not authorize option one. Nor do they authorize option two in the form requested. Rule 42.1 is the rule for "voluntary dismissal and settlement in civil cases." *Id.* 42.1(title). When the parties to an appeal reach an agreement, an appellate court may "abate the appeal and permit proceedings in the trial court to effectuate the agreement" of the parties. *Id.* 42.1(a)(2)(C). A Westlaw search reveals numerous memorandum opinions citing this rule when abating an appeal and remanding the matter to the trial court to permit the parties to effectuate a settlement agreement in the trial court. *See, e.g.*, *Hegar v. ROBGO, Inc.*, No. 03-18-00525-CV, 2018 WL 4374661, at *1 (Tex. App.—Austin Sept. 13, 2018, order) ("We abate this appeal to allow the parties to finalize the settlement and to conduct proceedings in the trial court to effectuate the agreement."). But the rule's authorization does not extend to permit an appellate court to dictate to the trial court, on remand, how it must rule on a pre-trial, interlocutory venue issue. This court may remand to "permit proceedings in the trial court," not to dictate interlocutory venue ruling. This leave option three.

Therefore, the parties' motion is DENIED. The parties may file a second motion for reconsideration that limits their request to what Subsection (C) authorizes, which is abatement and remand for proceedings in the trial court, where the parties may move for relief from the trial

court to effectuate the agreement they have now reached. Absent a second motion for reconsideration, this court will proceed to resolution of the appeal on the merits.

It is so ORDERED.


Judge's signature: /s/ Sarah Beth Landau_____

☑ Acting individually     ☐ Acting for the Court


Date:  April 21, 2020